**158 So. 216**

**STATE ex rel. ORANGEDALE COLONY CO. v. VINSANAU, Recorder, et al.**

**No. 33160.**

Nov. 26, 1934.

Thomas E. Furlow, of New Orleans, for relator.

Edward Rightor and E. J. Prinz, both of New Orleans, for respondents.

ROGERS, Justice.

The relator, Orangedale Colony Company, applied to this court for writs of certiorari, prohibition, and mandamus directed to the Honorable Claude J. Mereaux, judge of the Twenty-Fifth judicial district court for the parish of St. Bernard, prohibiting him from proceeding with the trial of an intervention which the Bondholders' Protective Committee filed in the proceeding, which was for a mandamus to compel the clerk of court to erase from his records the inscriptions of certain leases and the assignments thereof, covering lands situated in the parish of St. Bernard; ordering him to grant the relief prayed for in the original petition, or commanding him to overrule a plea of lis pendens or plea in bar filed by the Violet Trapping Company, Inc., one of the defendants; to dismiss the intervention of the bondholders' committee and to try the case on its merits without delay.

After considering the allegations of relator's application, this court issued a rule nisi to the extent only of ordering the respondent judge to show cause why he should not proceed with the trial of the case as a summary proceeding.

In obedience to our order, the respondent judge has transmitted to this court the original record in the case and his return to the rule issued herein.

The return of the respondent judge, so far as it is necessary for this case, is in the following words and figures, viz.:

"That, in the proceeding No. 994 of the docket of Respondent's Court, entitled State of Louisiana ex rel. Orangedale Colony Company v. Louis M. Vinsanau, Recorder, et als., on October 16, 1934, as shown by Respondent's return to the proceedings No. 33,159 of this Court, State ex rel. St. Bernard Syndicate v. Vinsanau, 180 La. 953, 158 So. 214, the following was consented to by all counsel herein:

" 'Counsel for all parties present, with leave of the court, agree that the case No. 993, State of Louisiana on the relation of St. Bernard Syndicate versus Vinsanau, Recorder, etc., shall be taken up to its final conclusion, and that whatever judgment is entered in this proceeding shall also be entered in the case No. 994, State ex rel. Orangedale Colony Co. versus Vinsanau, Recorder, etc.'

"That, under said agreement of counsel the Writ herein issued was improvidently applied for and was granted by this Court without knowledge of said agreement, and that under said agreement Relator herein is debarred from taking these proceedings and must await the determination of the proceedings No. 33,159 of this Court, and, in accordance with what the Court does in such proceedings No. 33,159, your Respondent contemplates, unless otherwise ordered by this court, to enter the same decree in these proceedings.

"If this Court does not deem such return sufficient to end these proceedings, Respondent attaches hereto a copy of the return made in proceedings No. 33,159, and requests the Court to consider as applicable hereto whatever is said therein."

We are not prepared to say, and it is not necessary for us to say, whether the agreement referred to by the respondent judge precluded the relator from making a separate application for the remedial writs, instead of joining in the application of the St. Bernard Syndicate, particularly as the minutes of the district court show that the intervention of the bondholders' committee was filed after the agreement of the parties was entered into and apparently without any reference thereto, and that it was objected to only by relator and not by the St. Bernard Syndicate.

Under the restrictive order issued by this court, the only question presently before us for decision arises on relator's complaint that the judge of the district court was proceeding to try the case as an ordinary proceeding instead of as a summary proceeding, as he was required to do under the law. In the consideration of that question, the pertinent allegations of relator's application must be examined necessarily in connection with the recitals of the judge's return in the proceeding No. 33,159 of the docket of this court, entitled, State of Louisiana ex rel. St. Bernard Syndicate v. Louis M. Vinsanau, Recorder, et al., 180 La. 953, 158 So. 214, a copy of which is annexed to and made part of the return in this proceeding.

The return which is set out in full in our opinion this day handed down, in the case of the St. Bernard Syndicate applying for remedial writs, furnishes a complete answer to relator's complaint.

For the reasons assigned, the rule nisi herein issued is discharged, and relator's application for writs of prohibition and mandamus is denied.