ROGERS, Justice.
 

 On the application of the relator for writs of prohibition and mandamus this court issued a rule nisi directed to Honorable J. Claude Meraux, judge of the Twenty-Fifth judicial district court, to show cause why he should not try as a summary proceeding, and not as an ordinary proceeding, relator’s application for a mandamus against the clerk of the district court, with whom three other defendants are impleaded, to compel him to erase from his records two certain leases and -subleases covering a large acreage of land situated in St. Bernard parish.
 

 The-respondent judge in response to our order, has sent up to this court the original record in the case and his return to the rule nisi issued herein. The return, omitting the title of the case and the signature of the judge, reads as follows, viz.:
 

 “To the Honorable the Supreme Court of the State of Louisiana:
 

 “Now into Court comes J. Claude Mereaux, Judge of the 25th. Judicial District Court for the Parish of St. Bernard, Louisiana, and in obedience to the order of this Court of October 22, 1934 he herewith transmits the original record of the proceedings before him herein, and, in accordance with said order why the relief prayed for herein should not be granted, returns as follows:
 

 “That, on October 1, 1934, Relator applied to Respondent’s court for a mandamus against the Clerk of the District Court, the Board of Commissioners of the Bayou Terre aux Boeufs Drainage District, the St. Bernard Trappers Association and the Violet Trapping Company, Inc., asking for the erasure from the records of the Clerk’s office of two leases to said Drainage Board and of - subleases thereunder of many thousands of acres of land; that Respondent made same returnable on the 9th. of October, 1934, the earliest date possible; that on said day Respondent opened court, when a joint request
 
 *956
 
 was made by all counsel, including Relator’s counsel, to continue the case to October 10, 1934, because Relator had not properly served certain defendants.
 

 “That, on October 16, 1934, as shown by the minutes of the Court, Messrs. Milling, Saal & Milling, attorneys, representing to the Court by proper pleadings that' they appeared for a Bondholders Protective Committee that owned several hundred thousand dollars of bonds issued by said Drainage District and secured by taxes on the lands involved, asked to be permitted to intervene and protect the rights of said bondholders; that thereupon counsel for Relator strenuously by exception objected to said Bondholders Protective Committee being permitted to intervene to protect the rights of said bondholders, reserving its right to subsequently file answer thereto.
 

 “That Respondent, desiring to try the whole matter at once, referred said exceptions to the merits, recognizing Relator’s right to file an answer later in the day.
 

 “That, thereupon, attorneys for one of the defendants, as shown on page 2 of the Stenographer’s notes, with the Court’s permission and with’ a reservation of said defendant’s right to further plead and answer, filed an exception to the court’s jurisdiction, and offered in evidence transcript of a proceeding then under • advisement of the 19th. Judicial District Court for the Parish of East Baton Rouge, Louisiana, wherein all of the parties to the proceedings before Respondent’s court were parties and wherein it was averred that the same substantial issues which Relator was endeavoring to litigate before Respondent'were involved; that, thereupon, counsel for Relator objected to same being considered by the Court and Respondent overruled same.
 

 “That respondent was informed by counsel for said defendant in mandamus that he had then in court, written out and signed, a full return to the petition for mandamus, which he intended to file that day and that your Respondent contemplated having filed at a later hour that day, just as he contemplated having filed at a later hour that day the answer of Relator herein to the intervention of the Bondholders Protective Committee.
 

 “That Relator’s counsel had already consumed two hours of the Court’s time in objecting to the intervention of the Bondholders Protective Committee; that the transcript of the proceedings from the 19th Judicial District Court for the Parish of East Baton Rouge were contained in 27 typewritten or photostat pages; that counsel for defendant in mandamus were reputable lawyers, had certified to the exceptions as being filed in good faith and had represented to the Court, both in argument and by written pleadings, that if the Judge of East Baton Rouge Parish rendered a judgment ordering the Clerk to cancel the record titles of Relator and Respondent ordered the Clerk to recognize the record titles of Relator, that there would be a hopeless conflict of decisions between courts of equal jurisdiction, and it would be the duty of the Clerk of Court of St. Bernard Parish to recognize two conflicting orders and that the 19th Judicial District Court for the Parish of East Baton Rouge was first seized with jurisdiction of the subject matter.
 

 
 *958
 
 “That ample authority was submitted by counsel for defendant in mandamus for the position taken by them; that counsel for Relator herein was ill prepared to aid the court in solving the important question of law raised by the exceptions; that Respondent granted Relator until the next morning to be prepared- to meet the authorities on the question involved; that Respondent had no intention of dividing the ease into parts but he decided to give serious and fair consideration of an important mattér; that he did not consider the exceptions, made by reputable members of the Bar, as “frivolous, nonsensical and. wanting in legal substance,” but serious and substantial; that Respondent was not nor does the record show he was prejudiced against any of the parties litigant, as referred to by Relators herein.
 

 “That Respondent recognizes that mandamus. is an .extraordinary remedy and the court should give relief as early as possible; that Respondent also realizes that too great speed gives inadequate relief and often improper relief; that Respondent, as the record shows, had the matter first before him on October 9, 1934, assured counsel that he would finally settle all the matters involved by the 16th of October 1934, and that all things were done by him to speed up a decision of the case and all things were done by Relator to delay it. That, had Relator recognized Respondent’s right to study and understand the matter, the whole' matter would have been decided- by Respondent at least one month before it can now be decided. That Respondent has no intention to proceed with the trial of the case as an ordinary proceeding,, but .as a summary proceeding. That Respondent has done all he could to make the proceeding summary and speedy and that Relator has done all it could to delay the matter.”
 

 We think the return of the respondent judge, which speaks for itself, effectively disposes of relator’s complaints.
 

 For the reasons assigned, the rule nisi herein issued is discharged, and relator’s application for writs of prohibition and mandamus is denied.